UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

MICHAEL SNYDER a/k/a
MICHAEL McCLOUD,

    Plaintiff,

v.

TOBY KEITH COVEL, individually;
SCOTTY EMERICK, individually;
JAMES STROUD, individually;
SKG MUSIC NASHVILLE LLC d/b/a
DREAMWORKS RECORDS NASHVILLE;
UNIVERSAL MUSIC GROUP DISTRIBUTION,
CORP. f/k/a UNIVERSAL MUSIC & VIDEO
DISTRIBUTION CORPORATION; SONY/ATV
SONGS LLC d/b/a TREE PUBLISHING COMPANY;
TOBY KEITH COVEL d/b/a TOKECO TUNES, LLC; and
BIG YELLOW DOG, LLC,

    Defendants.
_____/

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, by his attorneys, for his complaint against defendants, alleges:

### JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 *et seq.*).

2. This Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

3. This Court has personal jurisdiction over the defendants, and venue in this District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1391(c), in that a substantial part of the acts of copyright infringement complained of herein occurred in this District.

## PARTIES

4. Plaintiff, Michael Snyder a/k/a Michael McCloud ("SNYDER" or "Plaintiff"), is a citizen of the State of Florida, residing in Big Coppitt, Florida.

5. Defendant, Toby Keith Covel ("KEITH"), is a citizen of the State of Oklahoma, residing in Oklahoma City, who engaged in a substantial part of the acts of copyright infringement complained of herein in this District.

6. Defendant, Scotty Emerick ("EMERICK"), is a citizen of the State of Tennessee, residing in Nashville, who engaged in a substantial part of the acts of copyright infringement complained of herein in this District.

7. Defendant, James Stroud ("STROUD"), is a citizen of the State of Tennessee, residing in Nashville, who engaged in a substantial part of the acts of copyright infringement complained of herein in this District.

8. Defendant, SKG Music Nashville LLC d/b/a DreamWorks Records Nashville ("SKG"), is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California, which engaged in a substantial part of the acts of copyright infringement complained of herein in this District.

9. Defendant, Universal Music Group Distribution, Corp. f/k/a Universal Music & Video Distribution Corporation ("UNIVERSAL"), is a Corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of

California, which engaged in a substantial part of the acts of copyright infringement complained of herein in this District.

10. Defendant, SONY/ATV Songs LLC d/b/a Tree Publishing Company ("SONY"), is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York, which engaged in a substantial part of the acts of copyright infringement complained of herein in this District.

11. Defendant, Toby Keith Covel d/b/a Tokeco Tunes, LLC ("TOKECO"), is a business duly organized and existing under the laws of the State of Oklahoma, with its principal place of business in the State of Oklahoma, which engaged in a substantial part of the acts of copyright infringement complained of herein in this District.

12. Defendant, Big Yellow Dog, LLC ("DOG"), is a business duly organized and existing under the laws of the State of Tennessee, with its principal place of business in the State of Tennessee, which engaged in a substantial part of the acts of copyright infringement complained of herein in this District.

13. Plaintiff SNYDER is, and at all relevant times has been, the copyright owner or licensee of exclusive rights under United States copyright with respect to the copyright in certain musical compositions, performed and recorded by Snyder on sound cassette as a collection of words and music entitled "Gravity Sets In" created in 1988, which includes a sound recording of the musical composition, "Tourist Town Bar."

14. Defendant KEITH is, and at all relevant times has been, a recording and performing artist, and a professional songwriter.

15. Defendant EMERICK is, and at all relevant times has been, a recording and performing artist, and a professional songwriter.

16. Defendant STROUD is, and at all relevant times has been, principal executive and producer of country music sound recordings on phonorecords for DreamWorks Records Nashville.

17. Defendant SKG is, and at all relevant times has been, in the business of manufacturing and distributing music sound recordings on phonorecords.

18. Defendant UNIVERSAL is, and at all relevant times has been, in the business of distributing music sound recordings on phonorecords and video recordings.

19. Defendant SONY is, and at all relevant times has been, in the business of acquiring, advertising, promoting, selling, and/or licensing musical compositions, and is compensated largely from the license fees attributable to copyrighted compositions.

20. Defendant TOKECO is, and at all relevant times has been, in the business of acquiring, advertising, promoting, selling, and/or licensing musical compositions, and is compensated largely from the license fees attributable to copyrighted compositions.

21. Defendant DOG is, and at all relevant times has been, in the business of acquiring, advertising, promoting, selling, and/or licensing musical compositions, and is compensated largely from the license fees attributable to copyrighted compositions.

## FACTUAL ALLEGATIONS

22. In 1988, Plaintiff SNYDER composed music and wrote words to a song entitled "Tourist Town Bar" which contains wholly-original material and copyrightable subject matter under the laws of the United States.

23. On July 23, 1996, Plaintiff secured the exclusive rights and privileges in and to the copyright of a collection of words and music entitled "Gravity Sets In," which includes a sound recording of the musical composition, "Tourist Town Bar," and received from the Register

of Copyrights a certificate of registration, dated and identified as follows: July 23, 1996, Registration No. PAu-2-055-888. A true and correct copy of the Certificate of Registration for "Gravity Sets In" is attached hereto as Exhibit A. Prior to the commencement of this action, Plaintiff complied in all respects with the Copyright Acts of 1909 and 1976, 17 U.S.C. §§ 101 *et seq.*, and all the laws governing copyright.

24. In 2003, Defendants KEITH and EMERICK purportedly authored a song entitled "I Love This Bar" which was copied largely from Plaintiff's work, "Tourist Town Bar."

25. "I Love This Bar" was recorded at Shrimp Boat Sound Studios in Key West, Florida as a single on KEITH's album "Shock'N Y'All".

26. "Shock'N Y'All" was produced by defendants KEITH and STROUD and released by defendant SKG under the DreamWorks label.

27. On November 4, 2003, defendant UNIVERSAL distributed the album "Shock'N Y'All" which became a nationwide hit and number one album on both country and overall sales charts. In addition, defendant KEITH has publicly performed "I Love This Bar" in concerts and on video.

28. Defendants SONY, TOKECO and DOG filed a claim to the copyright of the song, "I Love This Bar," and received from the Register of Copyrights a certificate of registration, dated and identified as follows: January 21, 2004, Registration No. PA-1-204-150.

29. Defendants TOKECO and DOG filed a claim to the copyright of the song, "I Love This Bar," and received from the Register of Copyrights a certificate of registration, dated and identified as follows: November 21, 2003, Registration No. PA-1-203-072.

30. Defendant SKG filed a claim to the copyright to the sound recording of the song, "I Love This Bar," and received from the Register of Copyrights a certificate of registration, dated and identified as follows: September 3, 2003, Registration No. SR-343-112.

31. Defendant SKG filed a claim to the copyright to the sound recording of the album, "Shock'N Y'All," which includes the song, "I Love This Bar," and received from the Register of Copyrights a certificate of registration, dated and identified as follows: December 16, 2003, Registration No. SR-345-360.

## COUNT I

*Infringement of Copyright Claim for Actual Damages and
Additional Profits of the Defendants*

32. Plaintiff re-alleges and incorporates paragraphs 1-31 as if they were fully set forth herein.

33. Defendants KEITH and EMERICK infringed Plaintiff's exclusive copyright in "Tourist Town Bar" when they copied substantial parts of it. Such copying was wholly unauthorized, as it was without any license, consent or authority from Plaintiff, the copyright owner. By virtue of this unauthorized copying, defendants have realized illegal revenues.

34. Defendants KEITH, STROUD and SKG infringed on Plaintiff's exclusive copyright in "Tourist Town Bar" when defendants mechanically reproduced and released sound recordings, including compact discs and phonorecords embodying "I Love This Bar" on Dreamworks labels. Such reproduction and release was wholly unauthorized, as it was without any license or consent of authority from Plaintiff. By virtue of this unauthorized commercial exploitation, defendants have realized illegal revenues.

35. Defendant UNIVERSAL infringed on Plaintiff's exclusive copyright in "Tourist Town Bar" when defendant distributed and sold sound recordings, including compact discs,

phonorecords and video recordings, embodying "I Love This Bar" on Dreamworks labels. Such reproduction and release was wholly unauthorized, as it was without any license or consent of authority from Plaintiff. By virtue of this unauthorized commercial exploitation, defendants have realized illegal revenues.

36. Defendants SONY, TOKECO, and DOG infringed Plaintiff's exclusive copyright in "Tourist Town Bar" when they issued and/or authorized others to issue licenses to third parties for the use, publication and exploitation of "I Love This Bar." Such licenses were without any consent or authority from Plaintiff, the copyright owner of "Tourist Town Bar," from which "I Love This Bar" was substantially copied. By virtue of this unauthorized commercial exploitation, defendants have realized illegal revenues.

37. As a direct and proximate consequence of defendants' infringement on Plaintiff's exclusive copyright in "Tourist Town Bar," Plaintiff suffered actual damages and is entitled to recovery of such damages in addition to any and all profits realized by defendants on account of such infringement.

WHEREFORE, Plaintiff demands judgment against the defendants for actual damages and additional profits realized by the infringement and further demands attorneys' fees and costs and a trial by jury.

## COUNT II

*Infringement of Copyright Claim for Statutory Damages*

38. Plaintiff re-alleges and incorporates paragraphs 1-31 as if they were fully set forth herein.

39. Defendants KEITH and EMERICK infringed Plaintiff's exclusive copyright in "Tourist Town Bar" when they copied substantial parts of it. Such copying was wholly

unauthorized, as it was without any license, consent or authority from Plaintiff, the copyright owner. By virtue of this unauthorized copying, defendants have realized illegal revenues.

40. Defendants KEITH, STROUD and SKG infringed on Plaintiff's exclusive copyright in "Tourist Town Bar" when defendants mechanically reproduced and released sound recordings, including compact discs and other phonorecords embodying "I Love This Bar" on Dreamworks labels. Such reproduction and release was wholly unauthorized, as it was without any license or consent of authority from Plaintiff. By virtue of this unauthorized commercial exploitation, defendants have realized illegal revenues.

41. Defendant UNIVERSAL infringed on Plaintiff's exclusive copyright in "Tourist Town Bar" when defendant distributed and sold sound recordings, including compact discs, phonorecords and video recordings, embodying "I Love This Bar" on Dreamworks labels. Such reproduction and release was wholly unauthorized, as it was without any license or consent of authority from Plaintiff. By virtue of this unauthorized commercial exploitation, defendants have realized illegal revenues.

42. Defendants SONY, TOKECO, and DOG infringed Plaintiff's exclusive copyright in "Tourist Town Bar" when they issued and/or authorized others to issue licenses to third parties for the use, publication and exploitation of "I Love This Bar." Such licenses were without any consent or authority from Plaintiff, the copyright owner of "Tourist Town Bar," from which "I Love This Bar" was substantially copied. By virtue of this unauthorized commercial exploitation, defendants have realized illegal revenues.

43. As a direct and proximate result of the defendants' infringement on Plaintiff's exclusive copyright in "Tourist Town Bar," Plaintiff suffered damages.

44. Pursuant to 17 U.S.C. § 504 ( c), Plaintiff is entitled to statutory damages.

Complaint
Snyder v. Keith, et al.
Page 8 of 11

45. The foregoing actions of defendants were committed willfully, and by reason thereof, in the event that Plaintiff elects to recover statutory damages, it is entitled to an increase of the award to a sum of up to $150,000 pursuant to 17 U.S.C. § 504 (c)(2).

46. By reason of the infringement of Plaintiff's copyright, Plaintiff is entitled to a permanent injunction enjoining and restraining defendants and their officers, agents, servants and employees, and all persons acting in concert with defendants, and each of them, from engaging in any further act of infringement of the copyright in "Tourist Town Bar" pursuant to 17 U.S.C. § 502.

WHEREFORE, Plaintiff asks for judgment on its claim for relief:

1. For an order enjoining defendants from engaging in further acts of copyright infringement, to wit, further public performance of "I Love This Bar," and further manufacture and distribution of phonorecords and video recordings embodying "I Love This Bar";

2. For such damages as Plaintiff has suffered as a result of defendants' infringements of Plaintiff's copyright and to account for gains, profits and advantages derived by such infringements of Plaintiff's copyright; or as to the Court shall appear proper within the provisions of the copyright statutes, statutory damages of up to $30,000, and not less than $750;

3. For a constructive trust over all extraterritorial profits derived from any and all defendants' infringing acts;

4. For statutory damages up to $150,000 as to the Court shall appear proper for all willful infringement of the copyrighted work;

5. For statutory damages pursuant to 17 U.S.C. § 504 (a) (2), and 17 U.S.C. § 504 (c)(2), attorneys' fees and costs and a trial by jury;

6. For Plaintiff's reasonable attorneys' fees expended in this action;

7. For Plaintiff's reasonable costs incurred in this action;

8. For such further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby request, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, and Local Rule 3.1, that the above-entitled cause be tried to and decided by a jury.

DATED: 10-27-06

Geoffrey E. Parmer
Florida Bar No.: 0989258
WILKES & MCHUGH
Tampa Commons
One North Dale Mabry Highway. Suite 800
Tampa, Florida 33609
813.873.0026 // 813.286-8820 (Fax)

# EXHIBIT A

Copy of Certificate of Registration for sound recording "Gravity Sets In"

FROM :MICHAEL MCCLOUD INC     FAX NO. :3052959079     Mar. 04 2005 02:56PM P2

# CERTIFICATE OF REGISTRATION



OFFICIAL SEAL

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

REGISTER OF COPYRIGHTS
United States of America

**FORM PA**
UNITED STATES COPYRIGHT OFFICE
REGI **PAu 2-055-888**

EFFECTIVE DATE OF REGISTRATION

July 23, 1996

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**1 TITLE OF THIS WORK ▼**
Gravity Sets In

**PREVIOUS OR ALTERNATIVE TITLES ▼**
Michael McCloud, Volume III

**NATURE OF THIS WORK ▼** See instructions
Words and Music

**2 NAME OF AUTHOR ▼**
a. Michael Bruce Snyder a.k.a. Michael McCloud
DATES OF BIRTH AND DEATH
Year Born ▼ 1947    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☒ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ U.S.A.
     Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☒ No
Pseudonymous? ☐ Yes ☒ No

NATURE OF AUTHORSHIP Briefly describe nature of the material created by this author in which copyright is claimed. ▼
Words and Music

**NAME OF AUTHOR ▼**
b.
DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of country
OR { Citizen of ▶
     Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

NATURE OF AUTHORSHIP Briefly describe nature of the material created by this author in which copyright is claimed. ▼

**NAME OF AUTHOR ▼**
c.
DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
     Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

NATURE OF AUTHORSHIP Briefly describe nature of the material created by this author in which copyright is claimed. ▼

**3 YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED**
1958 ◄ Year

**DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK**
Month ▶    Day ▶    Year ▶    ◄ Nation

**4 COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2.▼
Michael Bruce Snyder a.k.a. Michael McCloud
P.O. Box 77
Key West, FL 33041-0072

APPLICATION RECEIVED
JUN 10 1996
ONE DEPOSIT RECEIVED
JUN 10 1996
TWO DEPOSITS RECEIVED
REMITTANCE NUMBER AND DATE
FUND RECEIVED JUL 2 3 1996

**TRANSFER** If the claimant(s) named here in space 4 are different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright.

MORE ON BACK ▶  • Complete all applicable spaces (numbers 5-9) on the reverse side of this page
              • See detailed instructions  • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of ___ pages

03/04/2005 FRI 14:51 [TX/RX NO 6592] @002

EXAMINED BY ꜛ747ꜜ

CHECKED BY

☐ CORRESPONDENCE
   Yes

☐ DEPOSIT ACCOUNT
   FUNDS USED

FORM PA

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes ☒ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box) ▼
☐ This is the first published edition of a work previously registered in unpublished form.
☐ This is the first application submitted by this author as copyright claimant.
☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: Previous Registration Number ▼    Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a & 6b for a derivative work; complete only 6b for a compilation.
a. **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

b. **Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**6**

See instructions
before completing
this space

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼                              Account Number ▼

**7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/Zip ▼
MICHAEL SNYDER
1421 REYNOLDS STREET
KEY WEST, FL 33040

Area Code & Telephone Number ▶ 305-294-6063

Be sure to
give your
daytime phone
◀ number

**CERTIFICATION*** I, the undersigned, hereby certify that I am the
Check only one ▼
☒ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☐ authorized agent of _____
   Name of author or other copyright claimant, or owner of exclusive right(s) ▲

**8**

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this is a published work, this date must be the same as or later than the date of publication given in space 3.
MICHAEL B SNYDER                                    date ▶ JUNE 1, 1996

Handwritten signature (X) ▼
_Michael B Snyder_

MAIL
CERTIFI-
CATE TO

Name ▼
MICHAEL B SNYDER

Number/Street/Apartment Number ▼
1421 REYNOLDS STREET

City/State/ZIP ▼
KEY WEST, FL 33040

Certificate
will be
mailed in
window
envelope

• Complete all necessary spaces
• Sign your application in space 8

1. Application form
2. Nonrefundable $10 filing fee
   in check or money order
   payable to Register of Copyrights
3. Deposit material

MAIL TO:
Register of Copyrights
Library of Congress
Washington, D.C. 20559

**9**

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

March 1989—200,000                                    ☆U.S. GOVERNMENT PRINTING OFFICE ....

# CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

06- [illegible] CIV-KING

MAGISTRATE JUDGE GARBER

### I. (a) PLAINTIFFS
Michael Snyder a/k/a Michael McCloud

### DEFENDANTS
Toby Keith Covel, et al.

**(b)** County of Residence of First Listed Plaintiff: Monroe County, FL
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: ___
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Geoffrey E. Parmer, Esquire, Wilkes & McHugh, P.A., 1. N. Dale Mabry Highway, Suite 800, Tampa, Florida 33609, 813-873-0026

Monroe cw 10114 KING Garber

Attorneys (If Known): Unknown

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☑ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☑ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☑ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Re-filed (see VI below)
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☑ NO    b) Related Cases ☐ YES ☑ NO
JUDGE: ___    DOCKET NUMBER: ___

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

17 U.S.C. § 101 - Infringement of copyright for song entitled "Tourist Town Bar."

LENGTH OF TRIAL via __Unk__ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ ___
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD: [signature]
DATE: 10-27-06

FOR OFFICE USE ONLY
AMOUNT $350.00   RECEIPT # 94076 94907   10/31/06